ORIGINAL

MARC J. FAGEL (Cal. Bar No. 154425)
ROBERT TASHJIAN (Cal. Bar No. 191007)
    tashjianr@sec.gov
THOMAS J. EME (Illinois Bar. No. 6224870)
    emet@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, 26th Floor
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CV 09 2554 MMC

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. |
| Plaintiff, | [PROPOSED] TEMPORARY RESTRAINING ORDER |
| v. | |
| PETER C. SON, JIN K. CHUNG, SNC ASSET MANAGEMENT, INC., and SNC INVESTMENTS, INC., | |
| Defendants. | |

1  This matter came before the Court on the *ex parte* application of plaintiff Securities and
2  Exchange Commission ("Commission") for a temporary restraining order. The Court has
3  received and considered the Commission's complaint, application, memorandum of points and
4  authorities, the declarations of Commission attorneys Thomas J. Eme and Robert L. Tashjian, the
5  declarations of investors Dale Baek, David Pak, and Seunghee Yatsko, all exhibits attached to
6  those declarations, including excerpts of transcripts of the sworn testimony of Jee Choi, Young
7  Choi, and Phil Ha, and all other submissions~~, written or oral, at or before the hearing~~.

[handwritten: *nunc*]

8  Good cause appearing, the Court finds:

9  1.  This Court has jurisdiction over the parties and the subject matter of this action,
10 pursuant to Sections 20(b) and 22(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C.
11 §§ 77t(b) and 77v(a)], and Sections 21(d), 21(e), and 27 of the Securities Exchange Act of 1934
12 ("Exchange Act") [15 U.S.C. §§ 78u(d), 78u(e), and 78aa].

13 2.  This District is an appropriate venue for this action pursuant to Section 22(a) of
14 the Securities Act [15 U.S.C. § 77v(a)] and Section 27 of the Exchange Act [15 U.S.C. § 78aa].

15 3.  The Commission delivered notice of its *ex parte* application for a temporary
16 restraining order to defendants Peter C. Son, SNC Asset Management, Inc., and SNC
17 Investments, Inc. in compliance with Rule 65(b) of the Federal Rules of Civil Procedure and
18 Rule 65-1(b) of the Court's Local Rules. Good cause exists relieving the Commission from its
19 obligation to provide advance notice to defendant Jin K. Chung.

20 4.  The Commission has demonstrated a likelihood of success on the merits of its
21 action and that the balance of hardships weighs in its favor. With respect to the balance of
22 hardships, the public interest weighs strongly in favor of issuance of injunctive relief.

23 5.  Good cause exists to believe that defendants Peter C. Son, Jin K. Chung, SNC
24 Asset Management, Inc., and SNC Investments, Inc. have engaged in, are engaging in, and are
25 about to engage in transactions, acts, practices and courses of business which constitute and will
26 constitute violations of Section 17(a) of the Securities Act [15 U.S.C. § 17q(a)] and
27 Section 10(b) of the Exchange Act [15 U.S.C. § 78(j)] and Rule 10b-5 thereunder [17 C.F.R.
28 § 240.10b-5].

1  6. Good cause exists to believe that immediate and irreparable injury will occur with respect to investor funds, including those held by each defendant individually and those they hold jointly, which would adversely affect the ability of the Court to grant final effective relief in equity and at law, unless defendants are immediately restrained and enjoined from controlling those assets and are required to repatriate assets.

7. Good cause exists to believe that there is an immediate and irreparable risk of injury to or loss of defendants' records, unless defendants are immediately restrained and enjoined from destroying them.

8. Good cause exists to permit immediate discovery by the parties under the Federal Rules of Civil Procedure to allow the parties to present facts to the Court at a hearing, if required, to determine whether a preliminary injunction should be issued.

Therefore,

I.

IT IS HEREBY ORDERED THAT defendants Peter C. Son, Jin K. Chung, SNC Asset Management, Inc., and SNC Investments, Inc., and their respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, are temporarily restrained and enjoined from, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly:

A. employing any device, scheme, or artifice to defraud;

B. obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

C. engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)].

ORDER TO SHOW CAUSE   2   CASE NO. _____

## II.

IT IS FURTHER ORDERED THAT defendants Peter C. Son, Jin K. Chung, SNC Asset Management, Inc., and SNC Investments, Inc., and their respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, are temporarily restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any securities, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    A.    employing any device, scheme or artifice to defraud;

    B.    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    C.    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

## III.

IT IS FURTHER ORDERED THAT defendants Peter C. Son, Jin K. Chung, SNC Asset Management, Inc., and SNC Investments, Inc., and their respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, are temporarily restrained and enjoined from transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, funds, assets, securities, claims, or other property wherever located in their possession or under their control, including but not limited to the assets in accounts owned, controlled, or opened for their benefit at Bank of America (in the United States) and Hana Bank (in the Republic of Korea).

IV.

IT IS FURTHER ORDERED THAT an immediate freeze shall be placed on all monies and assets in all accounts at any bank, financial institution or brokerage firm holding accounts in the name or for the benefit of defendants Peter C. Son, Jin K. Chung, SNC Asset Management, Inc., or SNC Investments, Inc., and that all banks, financial institutions and brokerage firms holding any such account shall not permit transactions in such accounts without further order of the Court.

V.

IT IS FURTHER ORDERED THAT defendants Peter C. Son, Jin K. Chung, SNC Asset Management, Inc., and SNC Investments, Inc. shall within 21 days of this Order submit to the ~~Court~~ [and] Commission a verified accounting identifying: (i) the location and disposition of all funds received from investors; (ii) the location and disposition of all accounts controlled by defendants or held for their benefit; and (iii) the location and value of all investor assets currently held by defendants, as well as all other assets under defendants' control or over which they may exercise actual or apparent authority, including without limitation any assts over which they claim a right of ownership or a beneficial interest.

VI.

IT IS FURTHER ORDERED THAT defendants Peter C. Son, Jin K. Chung, SNC Asset Management, Inc., and SNC Investments, Inc., and their respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, within ten (10) days of entry of this order, shall repatriate, and take such steps as are necessary to repatriate to the territory of the United States of America, any and all assets and funds, held by or in the name of or for the benefit of defendants, or over which any of them maintained or maintains or exercises or exercised control. Further, with ten (10) days of such repatriation, defendants will file with the Court notice of the place where the assets are held within the United States and the steps taken to maintain their safekeeping.

VII.

IT IS FURTHER ORDERED THAT the parties may immediately take discovery by any means authorized under the Federal Rules of Civil Procedure.

VIII.

IT IS FURTHER ORDERED THAT defendants Peter C. Son, Jin K. Chung, SNC Asset Management, Inc., and SNC Investments, Inc., and their respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, shall keep, preserve and maintain all of their books, records, papers, account statements, computers, e-mail, electronic data, journals, data bases, calendars, hard drives, flash drives, or any other documents, materials and media (however created, produced, or stored) that relate to any of the matters raised in this proceeding.

Absent further order of the Court, this order will expire at 8:00 A.M. on June 24, 2009. See Fed. R. Civ. P. 6(a)(2); 65(b)(2).

Dated this 10th day of June, 2009
at 8:00 A:M PDT

_/s/ Maxine M. Chesney_

UNITED STATES DISTRICT JUDGE

ORDER TO SHOW CAUSE       5       CASE NO. _____