MARC J. FAGEL (Cal. Bar No. 154425)
ROBERT TASHJIAN (Cal. Bar No. 191007)
    tashjianr@sec.gov
THOMAS J. EME (Illinois Bar. No. 6224870)
    emet@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, 26th Floor
San Francisco, California  94104
Telephone:  (415) 705-2500
Facsimile:  (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                Plaintiff,<br>     v.<br><br>PETER C. SON, JIN K. CHUNG,<br>SNC ASSET MANAGEMENT, INC., and<br>SNC INVESTMENTS, INC.,<br><br>             Defendants. | Case No. CV-09-2554 MMC<br><br>PLAINTIFF'S STATEMENT IN<br>SUPPORT OF PRELIMINARY<br>INJUNCTION<br><br>DATE:    June 22, 2009<br>TIME:     3:00 p.m.<br>PLACE: Courtroom 7, 19th Floor |

1  **I.     INTRODUCTION**

2          Plaintiff Securities and Exchange Commission (the "Commission") submits this

3  statement to provide the Court with information developed since the entry of the Temporary

4  Restraining Order on June 10, 2009, and to describe how the evidence previously submitted

5  by the Commission satisfies the legal standard for granting a preliminary injunction.

6  **II.    PROCEDURAL HISTORY**

7          On June 9, 2009, the Commission filed a complaint against defendants Peter C. Son,

8  Jin K. Chung, SNC Asset Management, Inc. ("SNCA"), and SNC Investments, Inc. ("SNCI")

9  alleging violations of the federal securities laws.  *See* Docket No. 1.  Along with the filing of

10  the complaint, the Commission filed an *ex parte* application for a temporary restraining order

11  and a memorandum of points and authorities and other supporting documentation

12  (collectively, the "Application").  *See* Docket Nos. 3-7.  On  June 10, 2009, the Court granted

13  the Commission's requested relief (the "TRO").  *See* Docket No. 14.  The Court also issued

14  an Order to Show Cause (the "OSC") why the Court should not enter a preliminary injunction

15  that extends the equitable relief granted by the Court to the duration of the litigation and set a

16  hearing for June 22, 2009, at 3:00 p.m.  *See* Docket No. 15.

17  **III.   ADDITIONAL FACTS**

18          At the Commission's request, Son, SNCA, and SNCI waived service of the summons

19  and complaint.  *See* Eme Decl. ¶ 3; Docket Nos. 16-18.  The Commission has spoken with

20  counsel for Son, SNCA, and SNCI, who has indicated that they will stipulate to the entry of a

21  preliminary injunction.  *See id.*  The Commission intends to file the stipulation with the Court

22  as soon as practicable (and, in any event, before the June 22 hearing).

23          Following the entry of the TRO and the OSC, the Commission attempted to provide

24  notice of the Court's orders to Chung, whom the Commission believes is currently in the

25  Republic of Korea (South Korea).  *See* Eme Decl. ¶ 4.  The Commission had no contact

26  during its investigation with Chung or any counsel acting on his behalf.  *See* Tashjian Decl.

27  ¶ 5 (Docket No. 6).  The Commission has attempted to deliver copies of the TRO and OSC to

28  Chung in South Korea, but has not yet received confirmation that Chung received the

1   documents.  *See* Eme Decl. ¶¶ 5-10.   The Commission believes, however, that it may be able

2   to show that Chung received actual notice of the Court's orders with additional time.  *See id.*

3   ¶ 11.

4   **IV.    ARGUMENT**

5          **A.      The Commission Has Satisfied the Requirements for a**
               **Preliminary Injunction**
6

7          Upon a "proper showing" that defendants have violated the federal securities laws, the

8   Commission may obtain a "permanent or temporary injunction or restraining order" without

9   bond.  *See* 15 U.S.C. § 77t(b); 15 U.S.C. § 78u(d); Mem. at 12-14 (Docket No. 4).  A

10  preliminary injunction enjoining violations of the securities laws is appropriate upon a

11  showing of *either*:  (1) a likelihood of success on the merits and the possibility of irreparable

12  injury; *or* (2) serious questions going to the merits and the balance of hardships tipping

13  sharply in the Commission's favor.  *See Sw. Voter Registration Educ. Project v. Shelley*, 344

14  F.3d 914, 917 (9th Cir. 2003) (*en banc*).  The Commission is not required to prove irreparable

15  injury or the inadequacy of legal remedies, as may be required of a private litigant moving

16  pursuant to the Federal Rules of Civil Procedure.  *Cf.* FED. R. CIV. P. 65(b)(2).  Instead,

17  because the Commission is bringing this action pursuant to its statutory mandate to safeguard

18  the public interest and to enforce the federal securities laws, irreparable injury is presumed.

19  *See United States v. Odessa Union Warehouse Co-Op*, 833 F.2d 172, 175-76 (9th Cir. 1987)

20  (ruling that irreparable injury is presumed when federal agency charged with enforcement

21  responsibility brings action for injunctive relief); *Navel Orange Admin. Comm. v. Exeter*

22  *Orange Co.*, 722 F.2d 449, 453 (9th Cir. 1983) (same); *cf. Miller ex rel. NLRB v. Cal. Pac.*

23  *Med. Ctr.*, 19 F.3d 449, 459 (9th Cir. 1994) (ruling that irreparable injury presumed when

24  agency make sufficient showing of likelihood of success).

25         As set forth in the Commission's memorandum of points and authorities in support of

26  the Application, the Commission is likely to succeed on the merits of its claim.  *See* Mem.

27  at 14-17.  The evidence submitted by the Commission supports the conclusion that Son,

28  Chung, SNCA, and SNCI violated the antifraud provisions of the federal securities laws by

1   making materially false and misleading statements in the offer and sale of securities and in

2   connection with the purchase or sale of securities, misappropriating client assets, and

3   perpetrating a fraud on his advisory clients.  *Id.*

4        Indeed, the Court has already found that:  (1) the Commission demonstrated a

5   likelihood of success on the merits; (2) good cause exists to believe that the defendants have

6   engaged in conduct that violates the federal securities laws; and (3) good cause exists to

7   believe that immediate and irreparable injury will occur with respect to investor funds.  *See*

8   TRO ¶¶ 4-6.  Thus, in issuing the TRO, the Court has thus already applied the legal standard

9   for granting a preliminary injunction to the facts of this case and determined that defendants

10  must show cause why a preliminary injunction should not be issued.  *See id.*; *see* OSC.

11       **B.      The Court Should Enter the Preliminary Injunction Against Son, SNCA,
                   and SNCI and Extend the TRO Against Chung**
12

13       The Court may issue a preliminary injunction "only on notice to the adverse party."

14  FED. R. CIV. P. 65(a)(1); *see* FED. R. CIV. P. 65(d)(2) (providing that an injunctive order binds

15  only those with "actual notice").  Three of the four defendants—Son, SNCA and SNCI—have

16  received actual notice of the TRO and OSC and indicated that they will stipulate to the entry

17  of a preliminary injunction.  *See* Eme Decl. ¶ 3.

18       The Commission has attempted to notify the fourth defendant, Chung, of the Court's

19  orders and believes that additional time may prove fruitful.  *See* Eme Decl. ¶¶ 5-11.  The

20  Court, for good cause shown, may extend the TRO for 10 days past its expiration date.  FED.

21  R. CIV. P. 65(b)(2).  Here, the Court ordered that the TRO would expire on June 24, 2009.

22  *See* TRO at 5 (citing FED. R. CIV. P. 6(a)(2) and 65(b)(2)).  The Commission requests that the

23  Court extend the TRO until no earlier than July 9, 2009, to allow the Commission time to

24  provide Chung with notice of the TRO and OSC.

25  **IV.   CONCLUSION**

26       For the reasons set forth by the Commission in the Application, and for the reasons

27  described above, the Commission respectfully requests that this Court enter the proposed

28

1  preliminary injunction against Son, SNCA, and SNCI, and extend the terms of the TRO

2  against Chung for an additional 10 days.

3

4  DATED:  June 17, 2009                    Respectfully submitted,

5

6

7                                          */s/ Robert L. Tashjian*_____
                                           ROBERT L. TASHJIAN
8
                                           Attorney for Plaintiff
9                                          SECURITIES AND EXCHANGE
                                           COMMISSION
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28