1   MARC J. FAGEL (Cal. Bar No. 154425)
    ROBERT TASHJIAN (Cal. Bar No. 191007)
2       tashjianr@sec.gov
    THOMAS J. EME (Illinois Bar. No. 6224870)
3       emet@sec.gov

4   Attorneys for Plaintiff
    SECURITIES AND EXCHANGE COMMISSION
5   44 Montgomery Street, 26th Floor
    San Francisco, California  94104
6   Telephone:  (415) 705-2500
    Facsimile:  (415) 705-2501
7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11
    SECURITIES AND EXCHANGE COMMISSION,       Case No. CV-09-2554 MMC
12
                     Plaintiff,               STIPULATION BETWEEN
13                                            PLAINTIFF SECURITIES AND
              v.                              EXCHANGE COMMISSION
14
    PETER C. SON, JIN K. CHUNG,               - AND -
15  SNC ASSET MANAGEMENT, INC., and
    SNC INVESTMENTS, INC.,                    DEFENDANTS PETER C. SON,
16                                            SNC ASSET MANAGEMENT, INC.,
                     Defendants.              AND SNC INVESTMENTS, INC.
17
                                              RE PRELIMINARY INJUNCTION
18

19

20

21

22

23

24

25

26

27

28

1    WHEREAS, plaintiff Securities and Exchange Commission (the "Commission") filed

2  this action on June 9, 2009;

3    WHEREAS, upon application of the Commission and for good cause shown, the Court

4  entered a Temporary Restraining Order on June 10, 2009;

5    WHEREAS, the Court also entered an Order to Show Cause on June 10, 2009, requiring

6  defendants Peter C. Son, Jin K. Chung, SNC Asset Management, Inc. ("SNCA"), and SNC

7  Investments, Inc. ("SNCI"), to show cause why the Court should not enter a Preliminary

8  Injunction extending the Temporary Restraining Order;

9    WHEREAS, Mr. Son, SNCA, and SNCI have retained the undersigned counsel to

10  represent them in this action;

11    WHEREAS, Mr. Son, SNCA, and SNCI have authorized counsel to waive service of the

12  summons and complaint in this action on their behalf;

13    WHEREAS, Mr. Son, SNCA, and SNCI have received actual notice of the Court's

14  Temporary Restraining Order and the Order to Show Cause, as well as the Commission's

15  application for the temporary restraining order and its supporting declarations and papers; and

16    WHEREAS, the Commission and Mr. Son, SNCA, and SNCI agree that a Preliminary

17  Injunction extending the terms of the Temporary Restraining Order would serve the interests of

18  the parties.

19  //

20  //

21  //

22

23

24

25

26

27

28

1        NOW, THEREFORE, BE IT RESOLVED THAT, by their signatures below, counsel for

2   the Commission and counsel for Mr. Son, SNCA, and SNCI agree that good cause exists for the

3   entry of a preliminary injunction in the form attached.

4        IT IS SO STIPULATED.

5

6   Date:  June 18, 2009                                    Date:

7

8

9   _____          _____
    Robert L. Tashjian                                      John H. Feiner
    Attorney for Plaintiff                                  Attorney for Defendants

10  SECURITIES AND EXCHANGE                   PETER C. SON,
    COMMISSION                                SNC ASSET MANAGEMENT, INC., and
11                                            SNC INVESTMENTS, INC.
    San Francisco Regional Office
12  44 Montgomery Street, Suite 2600          Law Offices
    San Francisco, California  94104          One Park Plaza, Suite 600
13  Telephone:  (415) 705-2500                Irvine, California  92641
    Facsimile:  (415) 705-2501                Telephone:  (949) 852-7345
    Cal. Bar No. 191007                       Facsimile:  (949) 852-7346
14                                            Cal. Bar No. 89201

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION RE PRELIMINARY INJUNCTION        2          CASE NO. CV-09-2554 MMC

1    NOW, THEREFORE, BE IT RESOLVED THAT, by their signatures below, counsel for

2  the Commission and counsel for Mr. Son, SNCA, and SNCI agree that good cause exists for the

3  entry of a preliminary injunction in the form attached.

4        IT IS SO STIPULATED.

5

6  Date:                                    Date: 6\18\09

7

8

9  Robert L. Tashjian                       John H. Feiner
   Attorney for Plaintiff                   Attorney for Defendants

10 SECURITIES AND EXCHANGE                  PETER C. SON,
   COMMISSION                               SNC ASSET MANAGEMENT, INC., and
                                            SNC INVESTMENTS, INC.
11 San Francisco Regional Office
   44 Montgomery Street, Suite 2600         Law Offices
12 San Francisco, California 94104          One Park Plaza, Suite 600
   Telephone: (415) 705-2500                Irvine, California 92641
13 Facsimile: (415) 705-2501                Telephone: (949) 852-7345
   Cal. Bar No. 191007                      Facsimile: (949) 852-7346
14                                          Cal. Bar No. 89201

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION RE PRELIMINARY INJUNCTION        2        CASE NO. CV-09-2554 MMC

Attachment

MARC J. FAGEL (Cal. Bar No. 154425)
ROBERT TASHJIAN (Cal. Bar No. 191007)
    tashjianr@sec.gov
THOMAS J. EME (Illinois Bar. No. 6224870)
    emet@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, 26th Floor
San Francisco, California  94104
Telephone:  (415) 705-2500
Facsimile:  (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. CV-09-2554 MMC |
| Plaintiff, | [PROPOSED] |
| v. | PRELIMINARY INJUNCTION |
| PETER C. SON, JIN K. CHUNG, SNC ASSET MANAGEMENT, INC., and SNC INVESTMENTS, INC., | |
| Defendants. | |

1    This matter came before the Court on an Order to Show Cause why a preliminary

2    injunction should not be issued.  The Court has received and considered the complaint, the *ex*

3    *parte* application submitted by the Securities and Exchange Commission (the "Commission"),

4    the Commission's memorandum of points and authorities, the declarations of Commission

5    attorneys Thomas J. Eme and Robert L. Tashjian, the declarations of investors Dale Baek, David

6    Pak, and Seunghee Yatsko, all exhibits attached to those declarations, including excerpts of

7    transcripts of the sworn testimony of Jee Choi, Young Choi, and Phil Ha, the Commission's

8    statement in support of a preliminary injunction, and all other submissions, written or oral, at or

9    before the hearing.

10   Good cause appearing, the Court finds:

11   1.    This Court has jurisdiction over the parties and the subject matter of this action,

12   pursuant to Sections 20(b) and 22(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C.

13   §§ 77t(b) and 77v(a)], and Sections 21(d), 21(e), and 27 of the Securities Exchange Act of 1934

14   ("Exchange Act") [15 U.S.C. §§ 78u(d), 78u(e), and 78aa].

15   2.    This District is an appropriate venue for this action pursuant to Section 22(a) of

16   the Securities Act [15 U.S.C. § 77v(a)] and Section 27 of the Exchange Act [15 U.S.C. § 78aa].

17   3.    The Commission has demonstrated good cause, based on the stipulation between

18   counsel, to find that defendants Peter C. Son, SNC Asset Management, Inc., and SNC

19   Investments, Inc., received actual notice of the Temporary Restraining Order and Order to Show

20   Cause issued by the Court on June 10, 2009, as well as the Commission's application for the

21   temporary restraining order and its memorandum in support of the application.

22   4.    The Commission has demonstrated a likelihood of success on the merits of its

23   action and that the balance of hardships weighs in its favor.  With respect to the balance of

24   hardships, the public interest weighs strongly in favor of issuance of injunctive relief.

25   5.    Good cause exists to believe that defendants Peter C. Son, SNC Asset

26   Management, Inc., and SNC Investments, Inc. have engaged in, are engaging in, and are about to

27   engage in transactions, acts, practices and courses of business which constitute and will

28   constitute violations of Section 17(a) of the Securities Act [15 U.S.C. § 17q(a)] and

1   Section 10(b) of the Exchange Act [15 U.S.C. § 78(j)] and Rule 10b-5 thereunder [17 C.F.R.

2   § 240.10b-5].

3        6.     Good cause exists to believe that immediate and irreparable injury will occur with

4   respect to investor funds, including those held by each defendant individually and those they

5   hold jointly, which would adversely affect the ability of the Court to grant final effective relief in

6   equity and at law, unless defendants are immediately restrained and enjoined from controlling

7   those assets and are required to repatriate assets.

8        7.     Good cause exists to believe that there is an immediate and irreparable risk of

9   injury to or loss of defendants' records, unless defendants are immediately restrained and

10  enjoined from destroying them.

11       8.     Good cause exists to permit immediate discovery by the parties under the Federal

12  Rules of Civil Procedure to allow the parties to present facts to the Court at a hearing, if required,

13  to determine whether this injunction and asset freeze should be modified, extended, or dissolved.

14       Therefore,

15                                           **I.**

16       **IT IS HEREBY ORDERED THAT** defendants Peter C. Son, SNC Asset Management,

17  Inc., and SNC Investments, Inc., and their respective officers, agents, servants, employees,

18  attorneys, and those persons in active concert or participation with any of them, who receive

19  actual notice of this Order, by personal service or otherwise, and each of them, are restrained and

20  enjoined from, in the offer or sale of any securities, by the use of any means or instruments of

21  transportation or communication in interstate commerce or by the use of the mails, directly or

22  indirectly:

23       A.     employing any device, scheme, or artifice to defraud;

24       B.     obtaining money or property by means of any untrue statement of a material fact

25               or any omission to state a material fact necessary in order to make the statements

26               made, in light of the circumstances under which they were made, not misleading;

27               or

28

1   C.   engaging in any transaction, practice, or course of business which operates or

2   would operate as a fraud or deceit upon the purchaser;

3   in violation of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)].

4   II.

5   IT IS FURTHER ORDERED THAT defendants Peter C. Son, SNC Asset Management,

6   Inc., and SNC Investments, Inc., and their respective officers, agents, servants, employees,

7   attorneys, and those persons in active concert or participation with any of them, who receive

8   actual notice of this Order, by personal service or otherwise, and each of them, are restrained and

9   enjoined from, directly or indirectly, in connection with the purchase or sale of any securities, by

10   the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility

11   of any national securities exchange:

12   A.   employing any device, scheme or artifice to defraud;

13   B.   making any untrue statement of a material fact or omitting to state a material fact

14   necessary in order to make the statements made, in the light of the circumstances

15   under which they were made, not misleading; or

16   C.   engaging in any act, practice, or course of business which operates or would

17   operate as a fraud or deceit upon any person;

18   in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5

19   thereunder [17 C.F.R. § 240.10b-5].

20   III.

21   IT IS FURTHER ORDERED THAT defendants Peter C. Son, SNC Asset Management,

22   Inc., and SNC Investments, Inc., and their respective officers, agents, servants, employees,

23   attorneys, and those persons in active concert or participation with any of them, who receive

24   actual notice of this Order, by personal service or otherwise, and each of them, are restrained and

25   enjoined from transferring, assigning, selling, hypothecating, changing, wasting, dissipating,

26   converting, concealing, encumbering, or otherwise disposing of, in any manner, funds, assets,

27   securities, claims, or other property wherever located in their possession or under their control,

28

1    including but not limited to the assets in accounts owned, controlled, or opened for their benefit

2    at Bank of America (in the United States) and Hana Bank (in the Republic of Korea).

3                                                IV.

4              IT IS FURTHER ORDERED THAT an immediate freeze shall be placed on all monies

5    and assets in all accounts at any bank, financial institution or brokerage firm holding accounts in

6    the name or for the benefit of defendants Peter C. Son, SNC Asset Management, Inc., or SNC

7    Investments, Inc., and that all banks, financial institutions and brokerage firms holding any such

8    account shall not permit transactions in such accounts without further order of the Court.

9                                                V.

10             IT IS FURTHER ORDERED THAT defendants Peter C. Son, SNC Asset Management,

11   Inc., and SNC Investments, Inc. shall within 21 days of entry of this Order submit to the

12   Commission a verified accounting identifying:  (i) the location and disposition of all funds

13   received from investors; (ii) the location and disposition of all accounts controlled by defendants

14   or held for their benefit; and (iii) the location and value of all investor assets currently held by

15   defendants, as well as all other assets under defendants' control or over which they may exercise

16   actual or apparent authority, including without limitation any assts over which they claim a right

17   of ownership or a beneficial interest.

18                                               VI.

19             IT IS FURTHER ORDERED THAT defendants Peter C. Son, SNC Asset Management,

20   Inc., and SNC Investments, Inc., and their respective officers, agents, servants, employees,

21   attorneys, and those persons in active concert or participation with any of them, who receive

22   actual notice of this Order, by personal service or otherwise, and each of them, within ten (10)

23   days of entry of this order, shall repatriate, and take such steps as are necessary to repatriate to

24   the territory of the United States of America, any and all assets and funds, held by or in the name

25   of or for the benefit of defendants, or over which any of them maintained or maintains or

26   exercises or exercised control.  Further, within ten (10) days of such repatriation, defendants will

27   file with the Court notice of the place where the assets are held within the United States and the

28   steps taken to maintain their safekeeping.

[PROPOSED] PRELIMINARY INJUNCTION            4              CASE NO. CV-09-2554 MMC

VII.

IT IS FURTHER ORDERED THAT the parties may immediately take discovery by any means authorized under the Federal Rules of Civil Procedure.

VIII.

IT IS FURTHER ORDERED THAT defendants Peter C. Son, SNC Asset Management, Inc., and SNC Investments, Inc., and their respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, shall keep, preserve and maintain all of their books, records, papers, account statements, computers, e-mail, electronic data, journals, data bases, calendars, hard drives, flash drives, or any other documents, materials and media (however created, produced, or stored) that relate to any of the matters raised in this proceeding.

Dated this ___ day of June, 2009

_____

UNITED STATES DISTRICT JUDGE