MARC J. FAGEL (Cal. Bar No. 154425)
ROBERT TASHJIAN (Cal. Bar No. 191007)
  tashjianr@sec.gov
THOMAS J. EME (Illinois Bar. No. 6224870)
  emet@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, 26th Floor
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>    v.<br><br>PETER C. SON, JIN K. CHUNG,<br>SNC ASSET MANAGEMENT, INC., and<br>SNC INVESTMENTS, INC.,<br><br>            Defendants. | Case No. CV-09-2554 MMC<br><br>JOINT CASE MANAGEMENT STATEMENT<br><br>Date: September 25, 2009<br>Time: 10:30 a.m.<br>Place: Courtroom 7, 19th Floor |

1  Pursuant to the Court's Standing Order, plaintiff Securities and Exchange Commission
2  (the "Commission") and defendants Peter C. Son, SNC Asset Management, Inc. ("SNCA") and
3  SNC Investment, Inc. ("SNCI") submit this Joint Case Management Statement.

4  **1.   JURISDICTION AND SERVICE**

5  This is a civil enforcement action brought by the Commission alleging fraud, in violation
6  of the federal securities laws. The Commission brings this action pursuant to Sections 20(b) and
7  20(d) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77t(b) and 77t(d)] and
8  Sections 21(d) and 21(e) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C.
9  §§ 78u(d) and 78u(e)].

10  This Court has jurisdiction over this action pursuant to Sections 20(b) and 22(a) of the
11  Securities Act [15 U.S.C. §§ 77t(b) and 77v(a)] and Sections 21(d), 21(e) and 27 of the
12  Exchange Act [15 U.S.C. §§ 78u(d), 78u(e) and 78aa]. Defendants, directly or indirectly, made
13  use of the means and instrumentalities of interstate commerce, of the mails, or of the facilities of
14  a national securities exchange in connection with the acts, practices and courses of business
15  alleged in this complaint.

16  There are no issues regarding personal jurisdiction. Venue is proper in the Northern
17  District of California pursuant to Section 22(a) of the Securities Act [15 U.S.C. § 77v] and
18  Section 27 of the Exchange Act [15 U.S.C. § 78aa]. During the period described in this
19  complaint, SNCA had its principal place of business in this district and Mr. Son resided in this
20  district. In addition, acts, practices, and courses of business that form the basis for the violations
21  alleged in this complaint occurred in the district.

22  All defendants other than Jin K. Chung have been served. The Commission will continue
23  to attempt to locate and serve Mr. Chung and provide reports to the Court as necessary.

24  **2.   FACTS**

25  **A.   The Commission's Description of the Case**

26  According to the Commission, Mr. Son and Mr. Chung defrauded hundreds of investors
27  in an $80 million Ponzi scheme that began no later than 2003. The Commission alleges that
28  Mr. Son and Mr. Chung targeted Korean-American investors, inducing them to invest with their

JOINT CASE MANAGEMENT STATEMENT        1        CASE NO. CV-09-2554 MMC

company, defendant SNCA, which purportedly offered a pooled foreign exchange (or "Forex") trading program.

The Commission alleges that Mr. Son and Mr. Chung told investors that SNCA generated steady 50 percent annual profits from foreign currency trading and promised that SNCA would provide them with annual returns of up to 36 percent. The Commission further alleges that Mr. Son and Mr. Chung also touted SNCA's association with defendant SNCI, which Mr. Son and Mr. Chung also controlled. According to the Commission, Mr. Son and Mr. Chung provided potential SNCA investors with promotional materials extolling Mr. Son's and SNCI's prominence in the Forex industry.

The Commission alleges that, in fact, defendants did not place investor funds in a foreign currency trading program. Instead, according to the Commission, Mr. Son and Mr. Chung used investors' funds to pay "trading returns" to certain investors and to enrich themselves. The Commission alleges that defendants deceived investors by providing them with monthly account statements reflecting account balances that did not exist.

According to the Commission, defendants' scheme collapsed in October 2008. The Commission alleges that Mr. Son and Mr. Chung closed SNCA and SNCI, drained the companies' bank accounts, and fled, leaving investors empty-handed. During the scheme, according to the Commission, Mr. Son and Mr. Chung transferred substantial sums to offshore bank accounts.

**B.     Defendants' Description of the Case**

Defendants will provide their factual contentions upon the conclusion of the criminal prosecution of Mr. Son.

**C.     Principal Facts in Dispute**

Defendants will identify the principal facts in dispute upon the conclusion of the criminal prosecution of Mr. Son.

## 3. LEGAL ISSUES

### A. The Commission

The Commission alleges that defendants violated the antifraud provisions of the federal securities laws. Specifically, the Commission alleges that defendants committed fraud in the offer or sale of securities in violation of Section 17(a) of the Securities Act, and in connection with the purchase or sale of securities, in violation of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder. The Commission further alleges that SNCI aided and abetted defendants' violations of Section 10(b) and Rule 10b-5.

### B. Defendants

Defendants dispute the Commission's legal allegations. Defendants will provide their legal contentions upon the conclusion of the criminal prosecution of Mr. Son.

## 4. MOTIONS

No motions are pending and none is currently anticipated in the near future. Concurrently with the filing of this action, the Commission filed an *ex parte* motion seeking to enjoin defendants from on-going violations of the securities laws and to prevent further dissipation of investor funds. The Court entered a Temporary Restraining Order and an Order to Show Cause on June 10, 2009. *See* Docket No. 14. Mr. Son, SNCA, and SNCI stipulated to the entry of a Preliminary Injunction, which the Court entered on June 19, 2009. *See* Docket No. 26. The Temporary Restraining Order against Mr. Chung expired on July 9, 2009, after a one-time extension by the Court on June 19, 2009. *See* Docket Nos. 27 & 32.

## 5. AMENDMENT OF PLEADINGS

The parties do not expect to add or dismiss any parties, claims, or defenses.

## 6. EVIDENCE PRESERVATION

The Commission has taken steps to preserve its investigatory files related to this matter.

Defendants have also preserved all documents and tangible things in their possession custody or control.

## 7. DISCLOSURES

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel for the parties met by telephone on August 25, 2009. At the meeting, counsel agreed to serve their initial disclosures pursuant to Rule 26(a) by September 18, 2009.

In its disclosures, the Commission identified approximately 21 individuals likely to have discoverable information that it might use to support its claims. In addition, the Commission provided an index to the documents it is disclosing under Rule 26(a), which are largely documents it obtained in its investigation preceding the filing of this action. The Commission has offered to make the disclosed documents available to defendants for inspection and copying.

## 8. DISCOVERY

Pursuant to the Temporary Restraining Order permitting expedited discovery, the Commission served subpoenae for documents on several financial institutions seeking records pertaining to defendants' accounts and other accounts. The parties have not served any other discovery requests.

The parties jointly propose that the Court permit each party to take up to 20 depositions and to propound up to 100 interrogatories without further leave of the Court. In addition to depositions, the Commission anticipates further discovery requests, for documents or other information, to third parties, and to the defendants, including by subpoena or document or inspection requests, interrogatories, and requests for admissions.

The parties jointly propose the following discovery schedule:

    Last day to identify expert witnesses: March 31, 2010

    Last day to complete fact and expert discovery: April 30, 2010

## 9. CLASS ACTIONS

This matter is not a class action.

## 10. RELATED CASES

The Commodity Futures Trading Commission ("CFTC") filed a civil fraud action against the same defendants named in this action. *See CFTC v. SNC Asset Management, Inc., et. al.*, Case No. CV-09-2555 (N.D. Cal. filed June 9, 2009). In addition, the CFTC seeks to recover

JOINT CASE MANAGEMENT STATEMENT      4      CASE NO. CV-09-2554 MMC

proceeds of the alleged fraud from Mr. Son's wife, Ann Lee, who is named as a relief defendant. The CFTC's complaint alleges that defendants' foreign exchange trading program violated the antifraud provisions of the Commodities Exchange Act. The Court entered a Related Case Order associating this action and the CFTC's action on June 9, 2009. *See* Docket No. 13.

In addition to the civil actions, the Office of the United States Attorney for the Northern District of California filed criminal charges against Mr. Son arising out of substantially the same facts alleged in the civil complaints. *See United States v. Peter C. Son*, Case No. CR 09-00755 DLJ (N.D. Cal. filed July 27, 2009). Mr. Son waived indictment on July 27, 2009.

**11. RELIEF**

The Court's Preliminary Injunction enjoins defendants from on-going violations of the securities laws, freezes defendants' assets, requires a verified accounting of defendants' funds, orders defendants to repatriate funds to the United States, permits expedited discovery, and requires defendants to preserve documents relating to the Commission's allegations. *See* Docket No. 26. In addition to the preliminary relief ordered by the Court, the Commission seeks the following:

A. Injunctive Relief: A permanent injunction against all defendants prohibiting them from directly or indirectly violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] and Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]. The Commission also seeks to enjoin SNCI from aiding and abetting Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

B. Disgorgement: An order directing all defendants to disgorge unlawful profits, including prejudgment interest.

C. Penalties: An order imposing civil monetary penalties on all defendants pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)] and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)].

**12. SETTLEMENT AND ADR**

The parties met and conferred regarding an Alternative Dispute Resolution plan and filed a Notice of Need for ADR Phone Conference on September 3, 2009. *See* Docket No. 35. An ADR phone conference has been scheduled for September 23, 2009. At present, the Commission and defendants believe it will be necessary to develop the facts through discovery before there can be any real chance to settle the case. The parties recommend that the Court refer this case for a settlement conference with a judicial officer at a date after the completion of some discovery.

**13. CONSENT TO MAGISTRATE JUDGE**

The parties do not consent to proceed before a magistrate judge.

**14. OTHER REFERENCES**

The parties do not believe this case is suitable for binding arbitration. As noted above, however, the parties recommend that a settlement judge be appointed following the completion of some discovery.

**15. NARROWING OF ISSUES**

The parties have not yet identified any issues that can be narrowed by agreement or motion.

**16. EXPEDITED SCHEDULE**

In light of the criminal charges against Mr. Son, the parties do not believe that this matter is suitable for expedited scheduling.

**17. SCHEDULING**

The parties jointly propose the following schedule:

    Last day to identify expert witnesses: March 31, 2010

    Last day to complete fact and expert discovery: April 30, 2010

    Last day to hear dispositive motions: July 2, 2010

    Pre-trial conference: July 13, 2010

    Trial: August 2, 2010

**18.   TRIAL**

The Commission has not requested a jury trial. Defendants reserved their right to a jury trial. The parties estimate the trial will take approximately 15 days.

**19.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Pursuant to Local Rule 3-16(a), the Commission is not required to file a Certificate of Interested Entities or Persons. Defendants are unaware of any interested persons or entities.

**20.   OTHER MATTERS**

As noted above, the Court related this matter to the civil action brought by the CFTC. The Commission, the CFTC, and defendants propose that discovery in the two actions proceed in parallel. At the close of discovery, the parties would agree to meet and confer to decide whether to recommend that the two actions be tried together.

DATED:  September 18, 2009          Respectfully submitted,


*/s/ Robert L. Tashjian*
ROBERT L. TASHJIAN

Attorney for Plaintiff
SECURITIES AND EXCHANGE COMMISSION


*/s/ John H. Feiner*
JOHN H. FEINER

Attorney for Defendants
PETER C. SON,
SNC ASSET MANAGEMENT, INC., and
SNC INVESTMENTS, INC.