IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PETER C. SON, et al.,<br><br>　　　　Defendants.<br>_____ / | No. C-09-2554 MMC<br><br>**ORDER DENYING MOTION FOR ENLARGEMENT OF TIME TO SERVE DEFENDANT JIN K. CHUNG; DISMISSING WITHOUT PREJUDICE CLAIMS AGAINST DEFENDANT JIN K. CHUNG** |

　　　　Before the Court is plaintiff Securities and Exchange Commission's ("SEC") Motion for Enlargement of Time to Serve Defendant Jin K. Chung, filed June 21, 2011, by which the SEC seeks to extend the deadline to serve Jin K. Chung ("Chung") from June 30, 2011 to September 30, 2011. Having read and considered the motion, the Court rules as follows.

　　　　The instant action was filed over two years ago. To date, the SEC has been unable to serve Chung, the sole remaining defendant, who, according to the SEC, has resided in South Korea "since the filing of this action" (see Eme Decl. ¶ 2), and there is no showing the SEC is likely to effectuate service on Chung in the near future, let alone by September 30, 2011 (see id. ¶¶ 2-5). The SEC nonetheless seeks a further extension of time to serve Chung, for the asserted reason that if its claims against Chung are dismissed, even without

prejudice, the refiling of such claims "could be curtailed by the application of the statute of limitations." (See Pl.'s Mot. at 2:18-20.) The Court is not persuaded.

First, as the SEC correctly observes, its claims against Chung for equitable relief, specifically, its claims for injunctive relief and for disgorgement, are not subject to any statute of limitations. See SEC v. Rind, 991 F.2d 1486, 1491-92 (9th Cir.) (holding "no statute of limitations" applicable to action brought by the SEC for injunctive relief and disgorgement), cert. denied, 510 U.S. 963 (1993).

Second, although the SEC, noting its complaint also includes a claim for statutory penalties, asserts such claim is or could be found to be subject to the five-year statute of limitations set forth in 28 U.S.C. § 2462, such concern does not, as a practical matter, appear well-founded. In particular, § 2462 provides as follows:

> Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine [or] penalty . . . , pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued, if, within the same period, the offender . . . is found within the United States in order that proper service may be made thereon.

See 28 U.S.C. § 2462 (emphasis added). The SEC fails to explain how such five-year limitations period will apply to its claim against Chung, given that, to date, such alleged "offender" cannot be found in the United States.

Accordingly, the motion is hereby DENIED, and the SEC's claims against Chung are hereby DISMISSED without prejudice.

**IT IS SO ORDERED.**

Dated: July 1, 2011

_____
MAXINE M. CHESNEY
United States District Judge

2